The opinion of the Court was delivered by
Duncan J.
The bill of exceptions states the circumstances under which the entry in the book now objected to, was permitted to go to the jury.
Books of original entries, verified by the oath of the part)', and that the entries were made by him, ‘have always been received in evidence in Pennsylvania, from necessity, as business is very often carried on by the principal, and many of our tradesmen do not keep clerks. In the country there would be a stagnation of all credit, if this were not the case. It is superfluous to cite authorities to prove a course of proceeding, so notorious to all conversant in Courts of justice. The same necessity has introduced the same rule in other states. In South Carolina, Foster v. Sinkler, 1 Bay, 40, Spencer v. Andrew, 1 Bay, 119. In Massachusetts, 2 Mass. 221, Cogswell v. Dolkin. In New York, Vosbury v. Thayer, 12 Johns. 461.
-In Sterrett v. Bull, 1 Binn. 237, the entry to be proved by the plaintiff must be an original entry made by himself. It must be an account of the daily transactions of the party, and not in the nature of a receipt book. It must be in a course of dealing between the parties, and the entries made about the time of the transaction. This book and this entry appeared to be of this description. The law fixes no precise instant when the entry should be made. At or near the time of the transaction, they should be made. It is not to be a register of past transactions, but a memorandum of *6 transactions as they occur. If the book appear, on investigation, or examination of the party by the Court, not to be such a one, the Court may reject it as incompetent. If this does not clearly appear, it is to be submitted to the jury to decide on. The book here was so submitted; its verity left to the jury. The plaintiff below, after having testified that this was a book of original entries, and that the entry was an original one made by himself, and on his examination by the Court, declared, that he was at home five days out of six, and that the wagons he generally saw, after loading the lime or delivering it, it was not necessary to fortify the book by the oath of the particular carter, to render it evidence. The entry accompanied by the supplementary oath of the party, was properly admitted.
Judgment affirmed.